IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LIFEVANTAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHERI HOLLENBACK,<br>JOSEPH BOWEN, and<br>CINDA BAKER,<br><br>Defendants. | **MEMORANDUM DECISION<br>AND ORDER<br>GRANTING MOTION TO DISMISS**<br><br>Case No. 2:21-cv-149<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff LifeVantage Corporation is a "network marketing company . . . that sells nutraceutical and other health and well-being products" using "a salesforce of independent salespersons" known as "LifeVantage Distributors." Dkt. No. 2 ("Compl.") ¶¶ 9–10. Defendants are former LifeVantage Distributors who left LifeVantage to work for a competitor. *See id.* ¶¶ 18, 20, 43, 48. Plaintiff alleges that after Defendants left LifeVantage, they used LifeVantage's confidential information to cross-recruit and solicit other LifeVantage Distributors and LifeVantage customers for its competitor. *See id.* ¶¶ 39–74. Plaintiff asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with current and prospective economic relations, misappropriation of trade secrets, and civil conspiracy, as well as claims styled "injunctive relief, temporary restraining order" and "declaratory judgment." *Id.* ¶¶ 75–111. Plaintiff also moves for a preliminary injunction. *See* Dkt. No. 16.

Defendants move to dismiss on the grounds that their contracts with Plaintiff imposed mandatory dispute resolution protocols and that Plaintiff failed to comply with these protocols before bringing this action. *See* Dkt. No. 22. The court grants the motion.

Defendants rely on Section 14.2 of the Policies and Procedures, which, "together with" the LifeVantage Distributor Application and Agreement, "form a valid and enforceable contract between LifeVantage and each LifeVantage Distributor, including defendants." Compl. ¶ 76. Section 14.2 provides that

> [d]isputes between the Company and a LifeVantage Distributor(s) that arise from or relate to the Agreement, the business operated by the LifeVantage Distributor, or the opportunity offered by the Company shall be resolved according to the three-step procedure of (a) informal negotiation; (b) non-binding mediation; and (c) trial before a court . . . or binding confidential arbitration . . . .

Dkt. No. 17-2 ("Policies and Procedures") § 14.2. The section further provides that "[a]t no time prior to completion of the negotiation and mediation procedures . . . shall either party initiate arbitration or litigation related to this Agreement or the business except as may be specified otherwise in this Dispute Resolution policy." *Id.* Because Plaintiff did not engage in informal negotiation and non-binding mediation before bringing suit, Defendants argue that this action must be dismissed. *See* Dkt. No. 22 at 6.

In response to the motion to dismiss, Plaintiff did not dispute that it did not engage in negotiation and mediation before bringing this action. *See* Dkt. No. 33 at 1–2. Instead, Plaintiff invoked Section 14.7 of the Policies and Procedures, which enumerates certain "disputes [that] are exempt [from] strict adherence to the three steps of the Dispute Resolution process . . . ." Policies and Procedures § 14.7; *see* Dkt. No. 33 at 2. One exception is "Petitions for Emergency Relief." *Id.* § 14.7.2. This exception provides that "[if] a party deems it necessary to seek emergency relief to protect its interests, it may seek emergency relief as set forth in this Dispute Resolution policy without engaging in the negotiation or mediation process set forth above." *Id.* Plaintiff argued that

2

because it seeks emergency relief from the court, it was not required to engage in negotiation and mediation before bringing suit. *See* Dkt. No. 33 at 2.

In their reply, Defendants note that the exception invoked by Plaintiff does not permit a party to seek emergency relief *in any manner* without first engaging in negotiation and mediation. *See* Dkt. No. 36 at 6–7. Rather, it permits a party to "seek emergency relief *as set forth in this Dispute Resolution policy* without engaging in the negotiation and mediation process." Policies and Procedures § 14.7.2 (emphasis added). Defendants argue that the exception thus refers to Section 14.6 of the Policies and Procedures, which is titled "Emergency and Injunctive Relief" and provides that "[e]ither party may bring an action before JAMS seeking emergency and/or injunctive relief to protect its intellectual property rights and interests, including but not limited to protecting its rights pursuant to the non-solicitation provisions of the LifeVantage Policies and Procedures." *Id.* § 14.6. Because Plaintiff seeks relief through litigation in federal court rather than through arbitration before JAMS, Defendants argue that the exception for emergency relief does not apply. *See* Dkt. No. 33 at 6–7.

The court agrees with Defendants' reading of the Policies and Procedures. The exception to "strict adherence to the three steps of the Dispute Resolution process" invoked by Plaintiff applies only when a party "seek[s] emergency relief as set forth in this Dispute Resolution policy." Policies and Procedures §§ 14.7 and 14.7.2. It thus applies only when a party brings "an action before JAMS seeking emergency and/or injunctive relief." *Id.* § 14.6. Because Plaintiff has not sought emergency relief in this manner, the exception does not apply. Plaintiff was thus required to negotiate and mediate before bringing suit.

At the hearing on Defendants' motion to dismiss, Plaintiff appeared to abandon the argument that its federal lawsuit falls within the scope of the exception for JAMS arbitration seeking emergency relief. Rather, Plaintiff argued that because Section 14.6 exempts emergency arbitration from the three-step dispute resolution process, Defendants' only recourse is to file a motion to compel arbitration of its request for emergency relief pursuant to Section 4 of the Federal Arbitration Act, and to request a stay of litigation pending arbitration pursuant to Section 3 of that Act. *See* 9 U.S.C. §§ 3–4. Defendants have done neither.

The court disagrees. If the only relevant provision of the Policies and Procedures was that a party may seek emergency relief only through arbitration, *see* Policies and Procedures § 14.6, Plaintiff's arguments would be well taken. The Policies and Procedures, however, expressly provide Defendants not only a right to arbitrate rather than litigate requests for emergency relief, but also a right to negotiation and mediation before any arbitration or litigation takes place unless Plaintiff brings an action falling within one of the enumerated exceptions to the three-step dispute resolution process— which it has not. Accepting Plaintiff's argument would deprive Defendants of the latter express contractual right.

Plaintiff also requests that, if the court agrees with Defendants' position, it stay this action pending negotiation and mediation rather than grant Defendants' motion to dismiss. Again, if the Policies and Procedures provided only that requests for emergency relief must be submitted to arbitration rather than litigation, a request for stay pending arbitration would have merit. But, subject to specific enumerated exceptions—none of which applies here—the Policies and Procedures provide Defendants the right to

negotiation and mediation *before* Plaintiff commences arbitration or litigation. *See* Policies and Procedures § 14.2. The Policies and Procedures do not contemplate negotiation and mediation in the shadow of a pending lawsuit.

The court also notes that even after the parties engage in negotiation and mediation, the dispute resolution process set forth in the Policies and Procedures does not appear to contemplate that a federal court will resolve disputes between the parties. Rather, if negotiation and mediation fail, "[c]laims for $25,000 or more or claims seeking equitable relief" must "be resolved through binding confidential arbitration . . . ." Policies and Procedures § 14.2.3. "Claims under $25,000 with no claim for equitable relief," by contrast, "may be brought before the small claims court or the court of general jurisdiction in the county in which either party resides or has its principal place of business." *Id.* Obviously, federal courts are not small claims courts. And the court has little doubt that the contractual language authorizing suit in "the court of general jurisdiction in which either party resides or has its principal place of business" authorizes suit in state court, not federal court. For it is axiomatic that "[f]ederal courts are courts of limited jurisdiction," not "general jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). And when interpreting forum selection clauses, the Tenth Circuit has made clear that "[f]or federal court purposes, venue is not stated in terms of 'counties.' Rather, it is stated in terms of 'judicial districts.'" *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997). Accordingly, when the "language of the clause refers only to a specific county and not to a specific judicial district," the Tenth Circuit has concluded that "venue is intended to lie only in state

district court." *Id.* There is thus little reason for the court to retain jurisdiction pending negotiation and mediation.[1]

For the foregoing reasons, the court declines to stay this action and instead **GRANTS** Defendants' motion to dismiss.

**IT IS SO ORDERED.**

DATED this 2nd day of July, 2021.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

[1] To be sure, Section 14.7 exempts certain actions from the three-step dispute resolution process, such as arbitration actions seeking emergency relief from JAMS. But the only exception that might contemplate suit in federal court is for "an action in a court properly vested with jurisdiction to enforce an Arbitration award or order, including but not limited to an order for emergency relief." Policies and Procedures § 14.7.1. Such an action would necessarily be brought *after* arbitration has occurred. This exception thus does not contemplate any role for a federal court in resolving contractual disputes prior to arbitration.

6